UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Robert N. Preite,
Plaintiff

v.  Case No.: 3:05-cv-106-J-32MMH

Charles of the Ritz Group Ltd.
Pension Plan, Gucci America, Inc.,
and Gucci Group, N.V.,

Defendants

## AMENDED COMPLAINT

Plaintiff, Robert N. Preite, sues defendants, Charles of the Ritz Group Ltd. Pension Plan, Gucci America, Inc., and Gucci Group, N.V., and alleges as follows:

1. This is a civil action for the recovery of pension benefits due Robert N. Preite and to enforce his rights under the terms of an ERISA defined benefit pension plan, the Charles of the Ritz Group Ltd. Pension Plan.

2. This Court has federal question jurisdiction, 28 U.S.C. § 1331, of claims for the recovery of benefits and enforcement of rights under an ERISA defined benefit pension plan, 29 U.S.C. § 1132(a)(1)(B), and also ERISA jurisdiction under 29 U.S.C. § 1132(e)(1).

3. Venue is proper in this district under 29 U.S.C. § 1132(e)(2) because: (1) Robert N. Preite, a resident of Duval County, Florida, was denied his

pension benefit in this district; and (2) the defendant corporations reside or may be found in Duval County, Florida.

4. Plaintiff, Robert N. Preite, is an individual residing in Duval County, Florida who was employed from November 1958 through November 1979, a period of twenty-one years, by Charles of the Ritz Group, Ltd. On May 30, 2004, Mr. Preite turned sixty-five (65) years of age. Preite was a participant in the Charles of the Ritz Group Ltd. Pension Plan.

5. Defendant, Charles of the Ritz Group Ltd. Pension Plan, is an ERISA defined benefit pension plan, which may be sued as an entity under 29 U.S.C. § 1132(d)(1). The summary plan description and the governing plan document are not available to Preite and therefore, Preite is not aware of the agent for service of process for the Charles of the Ritz Group Ltd. Pension Plan. Defendant, Gucci America, Inc., has represented to Preite that the Charles of the Ritz Group Ltd. Pension Plan has been terminated since 1988.

6. Defendant, Gucci America, Inc., has been represented to be a successor in interest to the original fiduciary, Charles of the Ritz Group, Ltd., under the Charles of the Ritz Group Ltd. Pension Plan that was charged with and controls administration of the Charles of the Ritz Group Ltd. Pension Plan.

7. Defendant, Gucci Group, N.V., has been represented to be a successor in interest to the original fiduciary, Charles of the Ritz Group, Ltd., under the

2

Charles of the Ritz Group Ltd. Pension Plan that was charged with and controls administration of the Charles of the Ritz Group Ltd. Pension Plan.

8. According to correspondence dated October 19, 1983 from Charles of the Ritz Group, Ltd. the monthly pension amount of Preite at age 65 should have been $505.70, which should have commenced on June 1, 2004.

9. Last year, Preite requested information about his monthly pension annuity payments that he expected would begin when he reached age 65. From a letter dated October 28, 2004 from Gucci America, Inc., Preite learned that Gucci America, Inc., while in possession of lump sum benefit election form by Preite from 1988, could not find any records pertaining to any lump sum distribution to Mr. Preite by the Charles of the Ritz Group Ltd. Pension Plan.

10. In November 2004, Preite, through counsel, requested Gucci America, Inc. provide Preite with copies of the plan documents of the Charles of the Ritz Group Ltd. Pension Plan, which should include, at a minimum, "the latest updated summary plan description and the latest annual report and the bargaining agreement, trust agreement, contract, or other instruments under which the plan was established or is operated." In addition, Preite stated he was attempting to exhaust administrative remedies and to please advise if there are any other procedures that need to be followed to exhaust such remedies.

11. In a letter dated December 6, 2004, counsel for Gucci America, Inc. responded by stating that it was "unable to provide you with any additional information with respect to Mr. Preite's Plan participation." No plan documents were produced by Gucci America, Inc., which represented that there "has been no Plan since 1988 and thus, Mr. Preite has not been a participant thereunder since that time." The letter concluded that "the materials submitted by your client [Preite[ are supportive of a reasonable conclusion that he was paid during the course of termination of the Plan, in accordance with his election, a single lump sum distribution in 1988 in full satisfaction of the Plan's then liability to him."

12. Preite has never been paid any pension benefits by the Charles of the Ritz Group Ltd. Pension Plan.

13. Preite has exhausted any available administrative remedies to obtain his pension benefits under the Charles of the Ritz Group Ltd. Pension Plan.

### Recovery of Benefits and Enforcement of Rights under an ERISA Defined Benefit Pension Plan (29 U.S.C. § 1132(a)(1)(B))

14. Preite has been denied monthly pension benefits in excess of $3,000, exclusive of interest and attorney's fees that he was entitled to under the Charles of the Ritz Group Ltd. Pension Plan.

15. ERISA allows Preite to recover prejudgment interest in the amount of Florida's statutory rate, section 687.01 of the Florida Statutes, on the

recovery of pension benefits due him under the Charles of the Ritz Group Ltd. Pension Plan.

16. Under 29 U.S.C. § 1132(g)(1), this Court in its discretion may award a reasonable attorney's fees and costs to Preite after he prevails in this action. Preite has retained counsel to represent him in this litigation and has become obligated to pay attorney fees.

WHEREFORE, Robert N. Preite, requests that this Court award him the recovery of pension benefits and enforce his rights under the Charles of the Ritz Group Ltd. Pension Plan, against the defendants, Charles of the Ritz Group Ltd. Pension Plan, Gucci America, Inc., and Gucci Group, N.V., and award prejudgment interest, a reasonable attorney's fee, and the costs of this action, together with such other relief as is just and equitable.

                WINICKI LAW FIRM, P.A.

                <u>S/ Robert J. Winicki</u>
                Robert J. Winicki
                Fla. Bar No. 335381
                4745 Sutton Park Court
                Suite 401
                Jacksonville, Fl. 32224
                (904) 992-4997
                Fax (904) 992-4998

**Certificate of Service**

I certify that on November __, 2005, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants Susan S. Oosting, Marshall, Dennehey, Warner, Coleman & Goggin, 200 W. Forsyth Street, Jacksonville, Fl. 32202.

S/ Robert J. Winicki
Attorney